UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP 28 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Errol George Bryan, Jr., )
)
Plaintiff, )
)
v. ) Civil Action No. **12 1624**
)
Vance Carter, *et al.*, )
)
Defendants. )
)

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a case when jurisdiction is found wanting).

Plaintiff sues two Consulates of the Jamaican Embassy for monetary damages totaling $70 million. From what the Court can discern from the complaint's allegations and unexplained attachments, plaintiff is an Immigration and Customs Enforcement detainee at the LaSalle Detention Facility in Trout, Louisiana. He also claims to be "a Sovereign of the State of Delaware" who was subjected to an unlawful arrest. Compl. at 4. Plaintiff alleges that defendants, in their official capacities as representatives of Jamaica, have subjected him, a Jamaican national, to intentional infliction of emotional distress and human rights violations by refusing to visit him in prison and help him presumably with his court and/or deportation proceedings. *See* Compl. ¶¶ 2-7.

The Foreign Sovereign Immunities Act ("FSIA") is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies." *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted). The complaint reveals no basis for finding a waiver of defendants' immunity under the FSIA. Therefore, the Court will dismiss this action. A separate Order accompanies this Memorandum Opinion.

DATE: September 27th, 2012

United States District Judge